# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165
ramsha@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 25, 2022

**VIA ECF**
Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:     <u>Baten et al v. MVNBC Corp. et al</u>
                  Index No. 21-cv-07571-JPC

Your Honor:

      This office represents the Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

      **1. Background**

      Plaintiffs filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to pay minimum wage; the failure to provide wage notices; the failure to pay spread of hours; and the failure to provide accurate wage statements along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $37,302.50 and that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $117,344.85. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

      Plaintiffs allege that they were employed as food prepares, dishwashers, and delivery workers by the Defendants cafe located at 369 Greenwich Street, New York, NY 10013 under the name "Benvenuto Café.". Plaintiffs also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements. Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums. Defendants produced to Plaintiffs the Plaintiffs' individual time records, wage notices, paystubs, and other documents which put Plaintiffs' claims in doubt.

October 25, 2022
Page 2

### Relevant Standard

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id.; *see also Beckert v. Rubinov*, No. 15–cv–1951, 2015 WL 6503832, at \*1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

### 2. The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $10,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid within thirty (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at \*2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at \*2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Specifically, the parties disputed the hours worked by Plaintiffs and whether Plaintiffs spent over 20% of each day performing non-tipped work. Defendants provided time records, wage notices, paystubs, and other records for each Plaintiff, thus satisfying their burden of production. Plaintiffs dispute the accuracy and completeness of these records, but have only their recollections to contest the records, as opposed to documentary evidence. Given the fact-intensive nature of the disputes, it is likely that substantive answers to these disputed issues would not be resolved until after significant discovery and motion practice, if not trial. Plaintiffs understand that that should they continue to litigate their claims, there is no guarantee they would recover what they believe they are owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiffs' FLSA claims, but also their state law claims. Considering the prospect of protracted litigation and an uncertain result, Plaintiffs feel that the Agreement represents a fair compromise.

October 25, 2022
Page 3

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $3,601.33 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs and represents a negative multiplier of the lodestar amount.

Plaintiffs' counsel's lodestar in this case is $5,416.25 and Plaintiffs' costs are $402.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiffs' counsels' experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

i. I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, the United States District

        Court, Eastern District of New York and the United States Court of Appeals for the Second Circuit. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

ii. Work performed by paralegals ("PU" or "PL") are billed at the rate of $125 per hour. "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citiation omitted) (finding that the paralegal's requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for paralegals from same firm).

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

**CSM LEGAL, P.C.**

By: *Ramsha Ansari*
Ramsha Ansari, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165
212-317-1200
ramsha@csm-legal.com

Enclosures

CC: All Counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEFTALI BATEN, NICHOLAS ALVAREZ, and RAUL SERRANO, *individually and on behalf of others similarly situated*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MVNBC CORP, (D/B/A BENVENUTO CAFÉ), PERRY MALLAS, and BILLY MALLAS,<br><br>*Defendants*. | Case No.: 1:21-cv-07571-JPC<br><br>**SETTLEMENT AGREEMENT<br>AND<br>RELEASE** |

   This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs NEFTALI BATEN, NICHOLAS ALVAREZ, and RAUL SERRANO ("Plaintiffs"), on the one hand and Defendants MVNBC CORP, (D/B/A BENVENUTO CAFÉ), PERRY MALLAS, and BILLY MALLAS ("Defendants") on the other hand.

   WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

   WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No. 1:21-cv-07571-JPC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

   WHEREAS, Defendants deny all claims including but not limited to any violation of federal and state wage and hour and overtime laws, and produced to Plaintiffs their time records, wage notices, paystubs, and other documents which put their claims in doubt; and

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1.  Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiffs had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Ten Thousand Dollars and Zero Cents (**$10,000.00)** (the "Settlement Amount") to be paid to Plaintiffs' attorneys in a lump sum, as follows:

  a. A check in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) made payable to 'CSM Legal, P.C." for immediate deposit thirty (30) days after Court of the Agreement, delivered to Plaintiffs' counsel. Of this amount $3,601.33 shall be apportioned to Plaintiffs' counsel as attorneys' fees and costs., $3,557.71 shall be apportioned to Plaintiff Neftali Baten, $1,570.75 shall be apportioned to Nicholas Alvarez Alvarez, and $1,270.21 shall be apportioned to Raul Serrano.

  b. Defendants shall be in curable default in they fail to make the payments when due pursuant to Paragraph 1 of this Agreement. Plaintiffs or their authorized agent shall send a notice via Email of such default addressed to Defendants' attorneys, whereupon Defendant shall have the right to cure the default within seven (7) business days of Defendants' attorneys' receipt of Plaintiffs' notice of default.

2. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby expressly waive, release, and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had, or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

  a. Plaintiffs represent that they have not filed any other lawsuit or any other wage and hour proceeding against any of the Defendants, except the Litigation released herewith. Plaintiffs also agree not to bring any wage and hour lawsuit or initiate any wage and hour proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. <u>Acknowledgments:</u> Plaintiffs acknowledge that: they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiffs:

**Ramsha Ansari, Esq.**
CSM LEGAL, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
(212) 317-1200
Email: ramsha@csmlegal.com

To Defendants:

**Steven Siegler, Esq.**
KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC
40 Wall Street, 49th Street
New York, NY 10005
(212) 404-8609
Email: steven@kilegal.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

9. <u>Release Notification</u>: Plaintiffs discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with CSM Legal, P.C. Plaintiffs acknowledge that it is their choice to waive any claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFFS**

By: _____   Dated: _____

NEFTALI BATEN

By: _____   Dated: _____

NICHOLAS ALVAREZ

By: *Raul Serrano* _____   Dated: 10-20-22

RAUL SERRANO

**DEFENDANTS**

By: _____   Dated: _____

MVBNC CORP. (d/b/a BENVENUTO CAFÉ)

By: _____   Dated: _____

PERRY MALLAS

By: _____   Dated: _____

BILLY MALLAS

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFFS**

By: _/s/ signature_            Dated: 10/21-2022

NEFTALI BATEN

By: _/s/ signature_            Dated: 10/21-2022

NICHOLAS ALVAREZ

By: _____            Dated: _____

RAUL SERRANO

**DEFENDANTS**

By: _____            Dated: _____

MVBNC CORP. (d/b/a BENVENUTO CAFÉ)

By: _____            Dated: _____

PERRY MALLAS

By: _____            Dated: _____

BILLY MALLAS

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFFS**

By: _____  Dated: _____
NEFTALI BATEN

By: _____  Dated: _____
NICHOLAS ALVAREZ

By: _____  Dated: _____
RAUL SERRANO

**DEFENDANTS**

By: _*[signature]*_____  Dated: 10/24/2022
MVBNC CORP. (d/b/a BENVENUTO CAFÉ)

By: _*[signature]*_____  Dated: 10/24/2022
PERRY MALLAS

By: _*[signature]*_____  Dated: 10/24/2022
BILLY MALLAS

Privileged Settlement Communication                                                                                                                                                              Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Neftali Baten** | 11/7/2017 | 12/31/2017 | 8 | 28 | 0 | $ 9.15 | $ 13.73 | $ 11.00 | $ 16.50 | $ 308.00 | $ 239.10 | $ 68.90 | $ 551.20 | $ 551.20 |
|  | 1/1/2018 | 12/31/2018 | 52 | 40.48 | 0 | $ 10.85 | $ 16.28 | $ 13.00 | $ 19.50 | $ 529.36 | $ 422.11 | $ 107.25 | $ 5,577.00 | $ 5,577.00 |
|  | 1/1/2019 | 12/31/2019 | 52 | 39.48 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 592.20 | $ 468.60 | $ 123.60 | $ 6,427.20 | $ 6,427.20 |
|  | 1/1/2020 | 12/31/2020 | 52 | 36.32 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 544.80 | $ 429.10 | $ 115.70 | $ 6,016.40 | $ 6,016.40 |
|  | 1/1/2021 | 8/6/2021 | 31 | 41.6 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 636.00 | $ 495.40 | $ 140.60 | $ 4,358.60 | $ 4,358.60 |
|  |  |  |  |  |  |  |  |  |  |  |  | Total: | $ 22,930.40 | $ 22,930.40 |
| **Nicholas Alvarez** | 1/1/2020 | 3/15/2020 | 11 | 33 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 495.00 | $ 387.90 | $ 107.10 | $ 1,178.10 | $ 1,178.10 |
|  | 6/15/2020 | 12/31/2020 | 28 | 33 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 495.00 | $ 387.90 | $ 107.10 | $ 2,998.80 | $ 2,998.80 |
|  | 1/1/2021 | 8/6/2021 | 31 | 37.91 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 568.65 | $ 449.28 | $ 119.37 | $ 4,176.90 | $ 4,176.90 |
|  |  |  |  |  |  |  |  |  |  |  |  | Total: | $ 8,353.80 | $ 8,353.80 |
| **Raul Serrano** | 11/1/2019 | 12/31/2019 | 9 | 32 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 480.00 | $ 400.00 | $ 80.00 | $ 720.00 | $ 720.00 |
|  | 1/1/2020 | 12/31/2020 | 52 | 22.66 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 339.90 | $ 262.50 | $ 77.40 | $ 4,024.80 | $ 4,024.80 |
|  | 1/1/2021 | 4/15/2021 | 15 | 25.66 | 0 | $ 12.50 | $ 18.75 | $ 15.00 | $ 22.50 | $ 384.90 | $ 300.00 | $ 84.90 | $ 1,273.50 | $ 1,273.50 |
|  |  |  |  |  |  |  |  |  |  |  |  | Total: | $ 6,018.30 | $ 6,018.30 |
|  |  |  |  |  |  |  |  |  |  |  |  | **TOTAL:** | **$ 37,302.50** | **$ 37,302.50** |

1  This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2  Plaintiffs reserve the right to correct or amend this chart.
3  This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication                                                                                                      Subject to Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| **Neftali Baten** | 11/7/2017 | 12/31/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 210.44 | $ - | $ 200.00 | $ 11,512.84 |
| | 1/1/2018 | 12/31/2018 | $ - | $ - | | | $ 1,840.41 | $ - | $ 1,300.00 | $ 14,294.41 |
| | 1/1/2019 | 12/31/2019 | $ - | $ - | | | $ 1,542.52 | $ - | $ 1,300.00 | $ 15,696.92 |
| | 1/1/2020 | 12/31/2020 | $ - | $ - | | | $ 901.71 | | $ 1,300.00 | $ 14,234.51 |
| | 1/1/2021 | 8/6/2021 | $ - | $ - | $ - | $ - | $ - | $ - | $ 775.00 | $ 9,492.20 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 4,495.08 | | $ 4,875.00 | $ 65,230.88 |
| | | | | | | | | | | |
| **Nicholas Alvarez** | 1/1/2020 | 3/15/2020 | | | $ 5,000.00 | $ 5,000.00 | $ 218.84 | | $ 870.00 | $ 13,445.04 |
| | 6/15/2020 | 12/31/2020 | | | | | $ 388.07 | | | $ 6,385.67 |
| | 1/1/2021 | 8/6/2021 | $ - | $ - | | | $ 606.91 | | | $ 8,960.71 |
| | | | | | $ 5,000.00 | $ 5,000.00 | $ 1,213.82 | | $ 870.00 | $ 28,791.42 |
| | | | | | | | | | | |
| **Raul Serrano** | 11/1/2019 | 12/31/2019 | | | $ 5,000.00 | $ 5,000.00 | $ 145.81 | | $ 420.00 | $ 12,005.81 |
| | 1/1/2020 | 12/31/2020 | | | | | $ 603.22 | | | $ 8,652.82 |
| | 1/1/2021 | 4/15/2021 | | | | | $ 116.92 | | | $ 2,663.92 |
| | | | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 865.95 | | $ 420.00 | $ 23,322.55 |
| | | | | | | | | | | |
| | | | $ - | $ - | $ 15,000.00 | $ 15,000.00 | $ 6,574.85 | $ - | $ 12,330.00 | $ 117,344.85 |
| | | | | | | | | | | |
| | | | Filing Date | | 9/10/2021 | | | | | |
| | | | FLSA | | 9/10/2018 | | | | | |
| | | | NYLL | | 9/10/2015 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 3/1/2022 | | | | | |



Date: 10/25/2022

# CSM Legal, P.C.

60 E 42nd St, #4510
New York, NEW YORK 10165
United States

Neftali Baten

## 02792-BenvenutoCaf

## 1:21-cv-0751 Baten et al v MVNBC Corp et al.

### Services

| Type | Date | Notes | Attorney | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 08/05/2021 | Intake: Neftali Baten | PL | 1.00 | $125.00 | $125.00 |
| Service | 08/05/2021 | Intake: Raul Serrano | PL | 1.00 | $125.00 | $125.00 |
| Service | 08/06/2021 | Intake: Nicholas Baten | PL | 1.00 | $125.00 | $125.00 |
| Service | 09/06/2021 | Complaint drafted | PL | 1.50 | $125.00 | $187.50 |
| Service | 02/10/2022 | Reviewed file | RA | 2.00 | $300.00 | $600.00 |
| Service | 02/21/2022 | Reviewed Defendants' documents and started drafting revised damages chart | RA | 2.00 | $300.00 | $600.00 |
| Service | 02/23/2022 | Continued reviewing Defendants' documents and preparing revised damages chart | RA | 2.00 | $300.00 | $600.00 |
| Service | 03/03/2022 | First Mediation Session w/ VG translating | RA | 3.00 | $300.00 | $900.00 |
| Service | 03/03/2022 | Translating Mediation | PL | 3.00 | $125.00 | $375.00 |
| Service | 03/16/2022 | Drafted adjournment request | RA | 0.25 | $300.00 | $75.00 |
| Service | 04/26/2022 | Reviewed proposed case management plan | RA | 0.34 | $300.00 | $102.00 |
| Service | 06/01/2022 | Drafted discovery demands | RA | 1.50 | $300.00 | $450.00 |
| Service | 07/11/2022 | Call with Client, Raul Serrano | PL | 0.40 | $125.00 | $50.00 |
| Service | 07/12/2022 | Call with Client, Nicholas Alvarez | PL | 0.45 | $125.00 | $56.25 |

| Service | 07/13/2022 | Call with Client, Neftali Baten | PL | 0.30 | $125.00 | $37.50 |
|---|---|---|---|---|---|---|
| Service | 08/09/2022 | Call with opposing counsel to discuss settlement | RA | 0.09 | $300.00 | $27.00 |
| Service | 08/23/2022 | Call with Plaintiff Raul to discuss settlement | RA | 0.17 | $300.00 | $51.00 |
| Service | 08/23/2022 | Call with Plaintiff Neftali to discuss settlement w/ VG translating | RA | 0.10 | $300.00 | $30.00 |
| Service | 08/23/2022 | Translating phone call for RA & Client Neftali | PL | 0.10 | $125.00 | $12.50 |
| Service | 09/30/2022 | Started preparing settlement materials. | RA | 1.50 | $300.00 | $450.00 |
| Service | 10/06/2022 | Finalized settlement materials for opposing counsel's review | RA | 0.50 | $300.00 | $150.00 |
| Service | 10/19/2022 | Reviewed defense counsel's edits to settlement materials | RA | 0.50 | $300.00 | $150.00 |
| Service | 10/20/2022 | Translating and explaining Settlement agreement to Client Raul Serrano | PL | 0.34 | $125.00 | $42.50 |
| Service | 10/20/2022 | Translating and explaining Settlement agreement to Client Neftali Baten | PL | 0.42 | $125.00 | $52.50 |
| Service | 10/20/2022 | Translating and explaining Settlement agreement to Client Nicolas Alvarez | PL | 0.34 | $125.00 | $42.50 |
| | | | | **Services Subtotal** | | **$5,416.25** |

**Expenses**

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 09/10/2021 | Filing Fee | 1.00 | $402.00 | $402.00 |
| | | | **Expenses Subtotal** | | **$402.00** |
| | | | | **Subtotal** | **$5,818.25** |
| | | | | **Total** | **$5,818.25** |

The Court has reviewed the proposed Settlement Agreement in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). For the reasons stated in Plaintiff's October 25, 2022 letter, Dkt. 35, the Court finds that the Settlement Agreement is fair and reasonable.

The Court notes that the attorneys' fees were calculated using the percentage method and represent approximately one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the Settlement Agreement is approved, and the case is dismissed with prejudice.

SO ORDERED.

October 27, 2022
New York, New York

JOHN P. CRONAN
United States District Judge